## PEOPLE *v.* MARK MAYER.

*(Supreme Court, General Term, First Department. October 24, 1890.)*

CORPORATIONS—PROCEEDINGS TO DISSOLVE—RECEIVER—APPEAL.

In an action to dissolve a corporation alleged to be insolvent, parties who had obtained judgments against the corporation, alleged to be fraudulent, were made defendants. An order was granted to show cause why a temporary receiver of the property of the corporation should not be appointed, and an injunction pending the action be granted against defendants and the sheriffs, to whom executions on the judgments had been issued, and defendants were enjoined until a decision thereon. An additional injunction was granted restraining creditors of the corporation and the sheriffs from prosecuting any actions against the corporation until such decision. On the return of the order to show cause, defendants, other than the corporation, appeared, and the injunctions, as to them and the sheriffs, were vacated. On a motion for a resettlement of the order thereon, two days afterwards, a receiver was appointed, and, on the same day, the action was discontinued as to all the defendants except the corporation. *Held,* that an appeal by plaintiff from so much of the orders as dissolved the temporary injunctions, and refused to appoint a receiver in the first order, instead of the later order, should be dismissed.

Appeal from special term, New York county.

Action brought by leave of court in the name of the people of the state of New York to dissolve a corporation, organized under the laws of the state, under the name of Mark Mayer, against said corporation and Louis Auerbach, Dessa Mayer, and Charles Kaufman. The complaint alleged that the corporation was insolvent, and that the defendants, fraudulently intending to cheat its creditors, and transfer its entire assets to the defendants Louis Auerbach and Dessa Mayer, caused actions to be brought and judgments to be recovered against said corporation, in the name of said Dessa Mayer and of said Kaufman, of which latter judgments said Auerbach was the real owner, and that executions were immediately issued thereon to the sheriffs of New York and Kings counties, who seized thereon the entire assets of the corporation, and held the same to satisfy the claims so collusively and illegally pre-

ferred. On the complaint and a corroborating affidavit, an order was granted that defendants show cause why a temporary receiver of the property and effects of the corporation should not be appointed, and why the defendant corporation, its trustees, etc., and the individual defendants, and their servants and agents, and the sheriffs of New York and Kings counties should not be restrained by injunction during the pendency of the action from various acts specified, relating to the property and rights of the corporation; and the defendants were enjoined and restrained from doing any of said acts until a decision on the order to show cause. Another order was also granted, on affidavit, restraining, until a decision on the order to show cause, "all creditors of said Mark Mayer corporation, and their agents, attorneys, and servants, and the sheriffs of New York and Kings counties, and all public officers thereof, and all persons whatsoever," from aiding, prosecuting, bringing, etc., any action against said corporation, or any proceeding, etc., in such action, brought upon any alleged claim or demand of any creditor, etc., of said corporation. On the return of the order to show cause, on August 13, 1890, the individual defendants appeared, and were heard on the motion, and an order was made thereon vacating the injunctions as to said individual defendants, and the sheriffs. A motion for a resettlement of the order was made the next day, on behalf of plaintiffs, and heard August 15, 1890, and an order entered thereon appointing a temporary receiver of the property o the corporation. On the same day, and on motion of plaintiffs, an order was made discontinuing the action as to all the defendants except the corporation. Plaintiffs appeal from so much of the orders as denied the motion for an injunction as set forth in the order to show cause, "and from so much of the order of August 13, 1890, as refused, failed, or omitted to appoint a temporary receiver as of that date, and from the refusal to resettle said order and appoint such temporary receiver in such order of August 13, 1890, instead of by the separate and later order."

*Chas. H. Phelps*, for appellant.

VAN BRUNT, P. J. The only defendant appearing upon the record does not seem to have ever appeared in the action, or upon the motion. The action has been discontinued as to the only defendants who did appear upon the motion, and whose rights were adjudicated upon by the order of August 13, 1890. As we understand the appellant's position, its appeal is founded upon the claim that the court did not pass upon its motion for a receiver of the defendant as soon as it should have done. It is to be observed that the court only dissolved the temporary injunction as to the defendants who were then parties to the record, and as to whom this action has been discontinued, and as to the sheriffs of New York and Kings counties, who were not parties to the record, and did not pass upon the application for a temporary receiver, if any such was made. It does not appear that any such application was made prior to the 15th day of August, upon which day a motion for such a receiver appears to have been granted. We see no ground upon which any appeal can be founded. Because a motion, if made, is not decided quite as speedily as counsel thinks it should be affords no ground of appeal. The appeal should be dismissed. All concur.